UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GS Holistic, LLC,<br><br>                                    Plaintiff,<br><br>-v-<br><br>New Paradise Inc, *d/b/a* New Paradise Store, Surendra Pradhan<br><br>                                    Defendants. | 2:25-cv-2609<br>(NJC) (JMW) |

# **MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

On October 17, 2025, Plaintiff GS Holistic, LLC ("GS Holistic"), filed a Motion for Default Judgment. (ECF No. 15.) On November 13, 2025, Magistrate Judge James M. Wicks issued a Report and Recommendation (the "R&R") recommending that GS Holistic's Motion for Default Judgment be granted. (R&R, ECF No. 23.) A copy of the R&R was filed electronically on November 13, 2025. (*See id*. at 22.) The R&R instructed that any objections to the R&R must be submitted in writing to the Clerk of Court within fourteen (14) days of service, *i.e.*, by November 27, 2025. (*Id*.)

The date for filing any objections has thus expired, and no party has filed an objection to the R&R. In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections are filed, a district court reviews a report and recommendation for clear error. *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349 (2d Cir. 2025) ("If a party fails to properly object to the R&R, the district judge reviews the R&R only for clear error."); *see also* Salome v. Metro Cheese Inc., No. 24-CV-4659 (AMD) (CLP), 2025 WL 3282755, at *2

(E.D.N.Y. Nov. 25, 2025).

Because a motion to for default judgment is dispositive, and because no party has filed timely objections to the R&R, I review the R&R for clear error. Having conducted a review of the motion papers and the applicable law, and having reviewed the R&R *de novo* out of an abundance of caution, I adopt the thorough and well-reasoned R&R in its entirety.

Accordingly, I grant GS Holistic's Motion for Default Judgment (ECF No. 15) in its entirety as follows**:**

1. Defaulting Defendants are found liable, jointly and severally, on all of Plaintiff's claims asserted in the Complaint (ECF No. 1);

2. Plaintiff is awarded statutory damages in the amount of $200,000.00, costs in the amount of $977.87, and post-judgment interest to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961;

3. Defendants Surendra Pradhan and New Paradise Inc and their agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concert or participation with it are permanently restrained and enjoined from infringing upon the Stündenglass Marks directly or contributorily, in any manner, including but not limited to:

    a. the import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing, advertising, or promotion of the counterfeit Stündenglass products, meaning products bearing the Stündenglass trademarks (registration numbers

    6,633,884; 6,174,292; 6,174,291; and 7,028,399), and any counterfeit, copy, or colorful imitation thereof.

4.  Defendants are ordered to destroy all trade dress products and remove the products from the market as part of the permanent injunction; and

5.  Defendants are ordered to serve Plaintiff with an affidavit that it complied with the Injunction within thirty (30) days after service is made.

Dated: Central Islip, New York
December 16, 2024

                 _/s Nusrat J. Choudhury_
                 NUSRAT J. CHOUDHURY
                 United States District Judge